**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERPAY PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) MDL No. 2545 |
| This document relates to: | ) Master Docket No. 1:14-cv-01748 ) ) Hon. Matthew F. Kennelly |
| Medical Mutual of Ohio v. AbbVie, Inc., *et al.*, No. 1:14-cv-08857 | ) ) ) |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GLAXOSMITHKLINE LLC'S MOTION TO DISMISS THE COMPLAINT**

William Hoffman (*pro hac vice*)
**KAYE SCHOLER LLP**
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
Tel: (202) 682-3550
Fax: (202) 414-0355
william.hoffman@kayescholer.com

Andrew K. Solow (*pro hac vice*)
Robert M. Grass (*pro hac vice*)
**KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Tel: (212) 836-7740
Fax: (212) 836-6776
andrew.solow@kayescholer.com
robert.grass@kayescholer.com

Pamela J. Yates (*pro hac vice*)
**KAYE SCHOLER LLP**
1999 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Tel: (310) 788-1000
Fax: (310) 229-1878
pamela.yates@kayescholer.com

*Attorneys for Defendant GlaxoSmithKline LLC*

62943297.docx

**Table of Contents**

Page

BACKGROUND ................................................................................................................. 1

    I.    MMO'S CLAIMS AGAINST GSK SHOULD BE DISMISSED FOR FAILURE TO PLEAD FRAUD WITH PARTICULARITY ................................. 2

    II.   MMO'S CLAIMS AGAINST GSK SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ................................................................................................................. 4

CONCLUSION .................................................................................................................... 6

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Borsellino v. Goldman Sachs Grp., Inc.*,
    477 F.3d 502 (7th Cir. 2007) ...................................................................................................3

*DiLeo v. Ernst & Young*,
    901 F.2d 624 (7th Cir. 1990) ...................................................................................................2

*Rosenstern v. Allergan, Inc.*,
    987 F. Supp. 2d 795 (N.D. Ill. 2013) .......................................................................................3

*Sears v. Likens*,
    912 F.2d 889 (7th Cir. 1990) ...................................................................................................2

*SFRL Inc. v. Galena State Bank & Trust Co.*,
    No. 11 C 50277, 2012 WL 2839814 (N.D. Ill. July 10, 2012) .................................................3

*Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*,
    475 F.3d 824 (7th Cir. 2007) ................................................................................................3,4

*Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*,
    536 F.3d 663 (7th Cir. 2008) ...................................................................................................2

**Rules**

Fed. R. Civ. P. 9(b) ............................................................................................................2,3,4

Defendant GlaxoSmithKline LLC ("GSK") respectfully submits this memorandum of law to supplement the Defendants' Joint Memorandum in Support of their Motions to Dismiss the Second Amended Complaint ("Joint Mem."). Plaintiff's claims against GSK should be dismissed for the reasons set forth in Defendants' Joint Memorandum as well as the reasons set forth below.

Plaintiff alleges that the manufacturers of testosterone replacement therapy ("TRT") medicines engaged in fraudulent marketing. GSK does not manufacturer a TRT medicine. The sole basis for Plaintiff's claims against GSK is Plaintiff's allegation that GSK was a party to an agreement to co-promote another manufacturer's (Auxilium's) TRT medicine, Testim®, for a little more than one year. Although Plaintiff alleges generally that GSK made false and misleading statements in promoting Testim, Plaintiff fails to allege the specific content of any such misstatement made to it or any doctor who prescribed Testim to one of Plaintiff's insureds. Plaintiff also fails to allege that any such misstatement caused it to pay for Testim or caused any doctor to prescribe Testim to one of its insureds for a medically inappropriate use. Accordingly, Plaintiff's claims against GSK should be dismissed for failure to plead fraud with particularity.

## BACKGROUND

Plaintiff Medical Mutual of Ohio ("MMO") provides health insurance, including prescription drug coverage to individuals and groups. (Second Amended Complaint ("SAC") ¶ 36.) In that capacity, MMO pays a portion of the price for medicines that are prescribed to its insureds. (SAC ¶ 2.) MMO's claims are based on an alleged "fraudulent marketing scheme" to "transform the male aging process into a curable disease state" and to promote testosterone replacement therapy ("TRT") medicines for off-label uses and conceal information concerning alleged cardiovascular risks. (SAC ¶¶ 4-35.) Absent Defendants' conduct, MMO alleges that it would have paid for fewer TRT prescriptions. (SAC ¶¶ 34-35, 828.)

GSK does not manufacture any TRT medicine. MMO alleges that, on May 21, 2012, GSK entered into a co-promotion agreement with Auxilium Pharmaceuticals, Inc. ("Auxilium'), which manufactures a TRT medicine called Testim. (SAC ¶¶ 51, 69, 513.) A press release issued at that time "stated that GSK's sales force would focus primarily on primary care physicians," and that the goal of the co-promotion agreement "was 'to expand our reach to U.S. physicians who treat men with low testosterone and its resulting symptoms, known as hypogonadism, which we believe is a prevalent, but poorly recognized condition.'" (SAC ¶ 69.) Although the agreement was scheduled to run through September 30, 2015, the parties mutually agreed to terminate it on or about August 1, 2013. (SAC ¶ 178.)

MMO asserts claims against GSK for common law fraud (Fortieth Claim for Relief), negligent misrepresentation (Forty-First Claim for Relief), and unjust enrichment (Forty-Second Claim for Relief). MMO asserts each of those claims against "All Defendants." Plaintiff does not assert any claims against GSK separate from those asserted against "All Defendants." Indeed, GSK is not even mentioned in the "Claims for Relief." (See SAC ¶¶ 854-1359.)

I.  **MMO'S CLAIMS AGAINST GSK SHOULD BE DISMISSED FOR FAILURE TO PLEAD FRAUD WITH PARTICULARITY**

Federal Rule of Civil Procedure 9(b) requires that a plaintiff plead with particularity "the circumstances constituting fraud," which "means the who, what, where, and how . . . ." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990); *accord Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008). In other words, to satisfy Rule 9(b), a plaintiff must plead "the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990) (citation omitted). Additionally, a plaintiff must allege with particularity "how [the Defendant's] fraud

caused its losses." *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 844 (7th Cir. 2007).

"Rule 9(b) applies to 'averments of fraud,' not claims of fraud, so whether the rule applies will depend on the plaintiffs' factual allegations." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). As a result, each of MMO's claims that is "premised upon a course of fraudulent conduct" is subject to Rule 9(b). *Id.*; *see also Rosenstern v. Allergan, Inc.*, 987 F. Supp. 2d 795, 806 (N.D. Ill. 2013) (applying Rule 9(b) to negligent misrepresentation claim); *SFRL Inc. v. Galena State Bank & Trust Co.*, No. 11 C 50277, 2012 WL 2839814, at *2 (N.D. Ill. July 10, 2012) (same). Each of MMO's claims against GSK is subject to Rule 9(b) because each is premised on the alleged fraudulent marketing of Testim.

With respect to GSK, as noted above, MMO alleges that, from May 21, 2012 until August 1, 2013, GSK was a party to an agreement with Auxilium by which GSK agreed to co-promote Testim. MMO alleges generally that "[d]uring the life of the co-promotion agreement," GSK:

- "participated and played a role in the selling and distribution of Testim" (SAC ¶ 523);
- "knew and understood that the male aging process is not an acquired form of hypogonadism, and that declines in testosterone levels are a physiologic response during male aging" (SAC ¶ 525); and
- "made false, deceptive, inaccurate, and misleading statements and claims to physicians and healthcare providers regarding the clinical safety and effectiveness of Testim, and Testim's spectrum of FDA-approved indications for clinical use." (SAC ¶ 526; *see also* SAC ¶ 531 "GSK marketed, promoted, and detailed Testim for 'off-label' use for the purpose of 'label expansion,' and detailed and promoted the product to physicians, and

advertised the product to consumers and patients, promoting the idea that 'Low T' is synonymous with hypogonadism and that Testim is approved and indicated for clinical use in treating 'Low T.'")

In addition, MMO alleges generally that "GSK not only engaged in off-label marketing of Testim along with Auxilium, it was also obliged, and failed, to disclose to physicians and consumers the risks of TRT products ." (SAC ¶ 527.) MMO further alleges that "GSK has a long history of aggressively promoting its own products for unapproved and unsafe uses." SAC ¶ 515.)

MMO does not allege the specific content of any alleged GSK misrepresentation concerning Testim to any doctor, much less a doctor who prescribed Testim to one of MMO's insureds for a medically inappropriate use. Nor does MMO allege that anything GSK said about Testim caused any doctor to prescribe Testim to an MMO insured for a medically inappropriate use. *See Tricontinental Indus., Ltd.*, 475 F.3d at 844 (affirming dismissal under Rule 9(b) where plaintiff "has not set forth any facts showing that the losses it suffered are proximately linked to the alleged misstatements"). Accordingly, the Court should dismiss all of MMO's claims against GSK for failure to plead fraud with particularity.

## II. MMO'S CLAIMS AGAINST GSK SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

As explained in Defendants' Joint Memorandum, under applicable choice-of-law principles, Ohio law governs MMO's state law claims for common law fraud, negligent misrepresentation, and unjust enrichment. *See* Joint Mem. at 35-36. For the reasons set forth in Defendants' Joint Memorandum, under governing Ohio law, each of those state law claims should be dismissed. *See* Joint Mem. at 39-40. But even assuming contrary to choice of law principles, that MMO's state law claims against GSK are governed by the law of Pennsylvania

where GSK is located (SAC ¶ 51), those claims should be dismissed for the reasons set forth in the Supplemental Memorandum of Law in Support of Defendant Auxilium's Motion to Dismiss the Second Amended Complaint ("Auxilium Memorandum"). *See* Auxilium Memorandum at 13-15. The arguments in the Auxilium Memorandum regarding MMO's claims for common law fraud, negligent misrepresentation, and unjust enrichment against Auxilium apply equally to MMO's claims against GSK and are incorporated by reference.

## CONCLUSION

For the foregoing reasons and those set forth in Defendants' Joint Memorandum, the Court should dismiss each of MMO's claims against GSK.

Dated:  July 31, 2015    Respectfully submitted,

*/s/ Andrew K. Solow*
William Hoffman (*pro hac vice*)
**KAYE SCHOLER LLP**
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
Tel:  (202) 682-3550
Fax:  (202) 414-0355
william.hoffman@kayescholer.com

Andrew K. Solow (*pro hac vice*)
Robert M. Grass (*pro hac vice*)
**KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Tel:  (212) 836-7740
Fax:  (212) 836-6776
andrew.solow@kayescholer.com
robert.grass@kayescholer.com

Pamela J. Yates (*pro hac vice*)
**KAYE SCHOLER LLP**
1999 Avenue of the Stars
Suite 1600
Los Angeles, CA 90067
Tel:  (310) 788-1000
Fax:  (310) 229-1878
pamela.yates@kayescholer.com

*Attorneys for Defendant GlaxoSmithKline LLC*

## CERTIFICATE OF SERVICE

    I, Andrew K. Solow, an attorney, hereby certify that on July 31, 2015, I caused a copy of the foregoing document to be filed via the Court's EM/ECF system, which will automatically serve and send e-mail notification of such filing to all registered attorneys of record.

                                                     */s/ Andrew K. Solow*
                                                     Andrew K. Solow

Case: 1:14-cv-08857 Document #: 89 Filed: 07/31/15 Page 10 of 10 PageID #:3769