# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | ) ) ) ) MDL No. 2545 |
| | ) Master Docket No. 1"14-cv-01748 |
| This document relates to: | ) ) Hon. Matthew F. Kennelly |
| Medical Mutual of Ohio v. AbbVie, Inc., *et al.*, No. 1:14-cv-08857 | ) ) ) |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ENDO PHARMACEUTICALS INC.'S MOTION TO DISMISS THE COMPLAINT**

William Hoffman (*pro hac vice*)
**KAYE SCHOLER LLP**
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
Tel: (202) 682-3550
Fax: (202) 414-0355
william.hoffman@kayescholer.com

Andrew K. Solow (*pro hac vice*)
Robert M. Grass (*pro hac vice*)
**KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Tel: (212) 836-7740
Fax: (212) 836-6776
andrew.solow@kayescholer.com
robert.grass@kayescholer.com

Pamela J. Yates (*pro hac vice*)
**KAYE SCHOLER LLP**
1999 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Tel: (310) 788-1000
Fax: (310) 229-1878
pamela.yates@kayescholer.com

*Attorneys for Defendant Endo Pharmaceuticals Inc.*

63056687

**TABLE OF CONTENTS**

Page

I. MMO HAS FAILED TO PLEAD FRAUD WITH PARTICULARITY ............................ 1

II. MMO'S PENNSYLVANIA STATE LAW CLAIMS SHOULD BE DISMISSED .......... 4

CONCLUSION ................................................................................................................................ 5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*DiLeo v. Ernst & Young*,
   901 F.2d 624 (7th Cir. 2008) ...................................................................................................2

*Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*,
   475 F.3d 824 (7th Cir. 2007) ................................................................................................3, 4

*United States ex rel. Fowler v. Caremark Rx, L.L.C.*,
   496 F.3d 730 (7th Cir. 2007), *overruled on other grounds by Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907 (7th Cir. 2009) ................................................................2

*United States ex rel. Grenadyor v. Ukrainian Village Pharmacy, Inc.*,
   772 F.3d 1102 (7th Cir. 2014) .................................................................................................2

**Rules**

Fed. R. Civ. P. 9(b) ...............................................................................................................2, 3, 4

Endo[1] respectfully submits this reply memorandum of law in further support of its Motion to Dismiss the Second Amended Complaint. This reply memorandum supplements the Defendants' Joint Reply Memorandum in Further Support of their Motions to Dismiss the Second Amended Complaint.

**I.      MMO HAS FAILED TO PLEAD FRAUD WITH PARTICULARITY**

As demonstrated in Endo's Supplemental Memorandum, MMO's vague allegations consist primarily of allegations directed at "Defendants" generally or to other Defendants, including allegations concerning conduct that pre-dates Fortesta's entry on the market by many years. *See id.* at 4-5. Notably, the SAC is devoid of any allegation identifying a specific alleged misrepresentation that Endo made to MMO or any doctor who prescribed Fortesta that caused MMO to pay for a Fortesta prescription.

In opposition, MMO simply restates the general and conclusory allegations of the SAC. *See* MMO Mem. at 38-40. In doing so, MMO fails to address the deficiencies in the SAC.

- **Fortesta Formulary Access Enterprise.** MMO claims that "Endo, through its employees, intermediaries, and/or marketing materials, transmitted specific false statements to MMO and the TPP class members in order to gain formulary access." MMO Mem. at 39. But the paragraphs of the SAC that MMO cites do not identify a single "specific false statement[]" that Endo allegedly conveyed to MMO (or any other TPP), much less that such a false statement caused MMO to pay for Fortesta. Instead, those paragraphs refer to activities of "Defendants" generally or to unspecified "efficacy and safety claims" and discussions regarding "formulary access with TPPs" that are

---

[1] Capitalized terms have the same meaning given to them in Endo's Revised Supplemental Memorandum of Law in Support of its Motion to Dismiss the Complaint ('Endo Mem.") [Dkt. No. 120].

attributed to Endo and Actavis. (*See*, *e.g.*, SAC ¶ 154.) Surely if Endo made allegedly false statements to MMO that caused it to include Fortesta on its formularies, MMO is in a position to plead the contents of those representations, who made them, and when, which is what Rule 9(b) requires. *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 2008).

- **Fortesta Peer Selling Enterprise.** MMO claims that "Endo hosted numerous events where doctors trained and/or approved by Endo would falsely oversell the efficacy and safety of Fortesta . . . ." MMO Mem. at 39-40. But MMO fails to dispute that it has failed to identify a single false or misleading statement regarding the efficacy and safety of Fortesta that was conveyed at any of the three CME programs that it identifies in the SAC, much less that any representative of MMO or any doctor who prescribed Fortesta to an MMO insured received such a misrepresentation, which caused MMO to pay for a Fortesta prescription. *See* Endo Mem. at 5-6; *United States ex rel. Grenadyor v. Ukrainian Village Pharmacy, Inc.*, 772 F.3d 1102, 1107 (7th Cir. 2014) (affirming dismissal of False Claims Act claim under Rule 9(b) where plaintiff failed "to allege either that the pharmacy submitted a claim to Medicare (or Medicaid) on behalf of a specific patient who had received a kickback, or at least name a Medicare patient it billed Medicare patient who had received a kickback"); *United States ex rel. Fowler v. Caremark Rx, L.L.C.*, 496 F.3d 730, 741-42 (7th Cir. 2007) (affirming dismissal of False Claims Act claim alleging pharmacy failed to reimburse federal government for prescriptions returned by federal employees where plaintiffs "did not present any evidence *at an individualized transaction level* to demonstrate that Caremark failed to provide an appropriate refund or replacement product for a returned prescription")

(emphasis by Court)), *overruled on other grounds by Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907 (7th Cir. 2009).

- **Fortesta Publication Enterprise.** MMO claims that 'Endo exercised control over publication materials to ensure their false and misleading marketing messages were prominently displayed in seemingly unbiased clinical studies, when, in fact, the opposite was true." MMO Mem. at 40. But MMO fails to dispute that the only such publication identified in the SAC discloses that the study it described was funded by Endo's predecessor and that Endo participated in editing the article. *See* Endo Mem. at 6-7. MMO also fails to reference any allegation in the SAC that identifies any specific allegedly "false and misleading marketing messages" contained in the article, much less that any MMO representative or any doctor who prescribed Fortesta to an MMO insured read the article. *See id.*; *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 844 (7th Cir. 2007) (Rule 9(b) requires a plaintiff to allege with particularity "how [the Defendant's] fraud caused its losses").

- **Fortesta Direct-to-Consumer Enterprise and Physician Marketing and Advertising Campaigns.** MMO claims that "[t]he Fortesta DTC Enterprise included ads in Urology Times and other periodicals in order to extol the virtues of using Fortesta to treat Low T, with the purpose of exponentially increasing the diagnosis of Low T, and by extension Endo's sales of Fortesta." MMO Mem. at 40. But MMO fails to reference any allegation in the SAC identifying any MMO representative or any doctor who prescribed Fortesta to an MMO insured who read any of the advertisements, much less that any such advertisement caused MMO to pay for a Fortesta prescription or any doctor to prescribe

Fortesta to an MMO insured. *See* Endo Mem. at 7-8; *Tricontinental Indus.*, 475 F.3d at 844.

- **MMO has not identified any specific Fortesta prescription for which it paid.**

MMO's allegation concerning the amount it paid to fill prescriptions for all Defendants' TRT medicines (MMO Mem. at 38) is not sufficient to satisfy its burden to plead with particularity how Endo's alleged fraud caused its losses. Nor are MMO's conclusory allegations of causation (MMO Mem. at 41) sufficient for that purpose. Even if MMO paid to fill prescriptions for Fortesta (which is not specifically alleged), it must "set forth . . . facts showing that the losses it suffered are proximately linked to the alleged misstatements." *Tricontinental Indus.*, 475 F.3d at 844. MMO has not alleged facts that link any payment for Fortesta to any alleged misstatement of Endo.

\* \* \*

In sum, there is not a single allegation in the SAC that identifies any specific misrepresentation that Endo conveyed to MMO or any doctor who prescribed Fortesta to an MMO insured, or how that specific misrepresentation caused MMO to pay for Fortesta. Rule 9(b) requires more especially where, as here, MMO seeks to base civil RICO liability on alleged criminal conduct.

## II. MMO'S PENNSYLVANIA STATE LAW CLAIMS SHOULD BE DISMISSED

For the reasons set forth in Defendants' Joint Memorandum [Dkt. No. 109] and Joint Reply Memorandum, Ohio law governs MMO's state law claims against Endo and MMO has failed to state a claim under governing Ohio law. But even if Pennsylvania law applied to MMO's state law claims against Endo, those claims should be dismissed for the reasons set forth in Endo's Supplemental Memorandum and in Point II of the Supplemental Reply Memorandum

of Law in Support of Defendant Auxilium Pharmaceuticals, Inc.'s Motion to Dismiss the Complaint, which is incorporated by reference.

## CONCLUSION

For the foregoing reasons and those set forth in Endo's Revised Supplemental Memorandum, Defendants' Joint Reply Memorandum, and Defendants' Joint Memorandum, the Court should dismiss each of MMO's claims against Endo.

Dated: November 5, 2015                     Respectfully submitted,

*/s/ Andrew K. Solow*
William Hoffman (*pro hac vice*)
**KAYE SCHOLER LLP**
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
Tel: (202) 682-3550
Fax: (202) 414-0355
william.hoffman@kayescholer.com

Andrew K. Solow (*pro hac vice*)
Robert M. Grass (*pro hac vice*)
**KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Tel: (212) 836-7740
Fax: (212) 836-6776
andrew.solow@kayescholer.com
robert.grass@kayescholer.com

Pamela J. Yates (*pro hac vice*)
**KAYE SCHOLER LLP**
1999 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Tel: (310) 788-1000
Fax: (310) 229-1878
pamela.yates@kayescholer.com

*Attorneys for Defendant Endo Pharmaceuticals Inc.*

**CERTIFICATE OF SERVICE**

    I, Andrew K. Solow, an attorney, hereby certify that on November 5, 2015, I caused a copy of the foregoing document to be filed via the Court's EM/ECF system, which will automatically serve and send e-mail notification of such filing to all registered attorneys of record.

*/s/ Andrew K. Solow*
Andrew K. Solow

63056687