IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | MDL No. 2545<br><br>Master Docket Case No. 1:14-cv-01748<br><br>Hon. Judge Matthew F. Kennelly |
| This document relates to:<br><br>MEDICAL MUTUAL OF OHIO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ABBVIE INC., ABBOTT LABORATORIES, ABBOTT PRODUCTS, INC., SOLVAY AMERICA, INC., SOLVAY NORTH AMERICA, LLC, SOLVAY PHARMACEUTICALS SARL, SOLVAY, S.A., AUXILIUM, INC., ELI LILLY AND COMPANY, LILLY USA, INC., ACRUX LIMITED, ACTAVIS PLC, ACTAVIS, INC., ACTAVIS PHARMA, INC., WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES, INC., ANDA, INC., and ENDO PHARMACEUTICALS, INC.,<br><br>　　　　Defendants. | No. 1:14-cv-08857 |

**SUPPLEMENTAL REPLY MEMORANDUM OF THE ACTAVIS DEFENDANTS
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
SECOND AMENDED CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

                                                                                                                                                   **Page**

ARGUMENT ........................................................................................................................ 2

    I.      MMO's RICO and Fraud-Based Claims Should Be Dismissed Under Rule 9(b) ............... 2

    II.     MMO's NJCFA Count Should Be Dismissed for Failure to State a Claim ........................ 3

    III.    MMO's NJIFPA Count Should Be Dismissed for Failure to State a Claim ....................... 4

    IV.    The SAC Fails to State a Claim Under Any Consumer Protection Laws ........................... 4

    V.     MMO's Unjust Enrichment Count Should Be Dismissed for Failure to State a
           Claim .................................................................................................................................. 5

CONCLUSION ..................................................................................................................... 5

# TABLE OF AUTHORITIES

                                                                            **Page**

## Cases

*Bank of Am., N.A. v. Knight*,
    725 F.3d 815 (7th Cir. 2013)..................................................................................2

*Bausch v. Stryker Corp.*,
    630 F.3d 546 (7th Cir. 2010)……….....................................................................1, 2

*Central Reg'l Employees Ben. Fund v. Cephalon, Inc.*,
    No. 09-cv-3418 (MLC),
    2009 WL 3245485 (D.N.J. Oct. 7, 2009).................................................................3

*Copeling v. Ill. State Toll Highway Auth.*,
    No. 12-cv-10316,
    2014 WL 540443 (N.D. Ill. Feb. 11, 2014)..............................................................3

*Desiano v. Warner-Lambert Co.*,
    326 F.3d 339 (2d Cir. 2003)……….........................................................................5

*District 1199P Health & Welfare Plan v. Janssen, L.P.*,
    784 F. Supp. 2d 508 (D.N.J. 2011)......................................................................2, 5

*Foster v. DeLuca*,
    545 F.3d 582 (7th Cir. 2008)………..…..................................................................1

*Government Employees Ins. Co. v. MLS Med. Gr. LLC*,
    No. 12-cv-7281 (SRC),
    2013 WL 6384652 (D.N.J. Dec. 6, 2013)...…..........................................................4

*Green v. Green Mountain Coffee Roasters*,
    279 F.R.D. 275 (D.N.J. 2011)………......................................................................4

*Indiana/Kentucky/Ohio Reg'l Counsel of Carpenters
Welfare Fund v. Cephalon, Inc.*,
    No. 13-cv-7167,
    2014 WL 2115498 (E.D. Pa. May 21, 2014)..........................................................3

*In re Actimmune Mktg. Litig.*,
    No. 08-cv-02376 MHP,
    2009 WL 3740648 (N.D. Cal. Nov. 6, 2009) .................................................................... 4

*In re Riddell Concussion Reduction Litig.*,
    No. 13-cv-7585 (JBS/JS),
    2015 WL 224429 (D.N.J. Jan. 15, 2015) ......................................................................... 5

*In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*,
    No. 2:06-cv-5774 (SRC),
    2009 WL 2043604 (D.N.J. July 10, 2009) ...................................................................... 4

*In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*,
    No. 2:06-cv-5774 (SRC),
    2010 WL 2346624 (D.N.J. June 9, 2010) ........................................................................ 5

*In re Warfarin Sodium Antitrust Litig.*,
    391 F.3d 516 (3d Cir. 2004) ............................................................................................. 5

*Jepson, Inc. v. Makita Corp.*,
    34 F.3d 1321 (7th Cir. 1994) ........................................................................................... 2

*Nelson v. Monroe Reg'l Med. Ctr.*,
    925 F.2d 1555 (7th Cir. 1991) ......................................................................................... 2

*Peterson v. Bay Valley Foods, LLC*,
    No. 11-cv-50309,
    2012 WL 195036 (N.D. Ill. Jan. 23, 2012) ...................................................................... 3

*Southern Ill. Laborers' & Employers Health & Welfare Fund v. Pfizer Inc.*,
    No. 08 CV 5175 (KMW),
    2009 WL 3151807 (S.D.N.Y. Sep. 30, 2009) .................................................................. 3

*Travelers Indem. Co. v. Cephalon*,
    32 F. Supp. 3d 538 (E.D. Pa. 2014) ................................................................................. 3

*United States v. Sanford-Brown, Ltd.*,
    788 F.3d 696 (7th Cir. 2015) ........................................................................................... 2

**Statutes**

New Jersey Consumer Fraud Act,
    N.J.S.A. § 56:8-1, *et seq* ........................................................................................ passim

New Jersey Insurance Fraud Protection Act,
    N.J.S.A. § 17:33A-1, *et seq* ....................................................................................... 1, 4

4841-2726-8393.4

**Rules**

Fed. R. Civ. P. 9 .................................................................................................................. 1, 2

4841-2726-8393.4

Defendants Actavis plc, Actavis, Inc., f/k/a Watson Pharmaceuticals, Inc., Actavis Pharma, Inc., Watson Laboratories, Inc., n/k/a Actavis Laboratories UT, Inc., and Anda, Inc. (the "Actavis Defendants") submit this Supplemental Reply Memorandum in support of Defendants' Motion to Dismiss the Second Amended Class Action Complaint ("SAC") filed by Plaintiff Medical Mutual of Ohio ("MMO").[1]  MMO's entire theory of recovery in this case is predicated on the unfounded claim that it paid for prescriptions of Androderm that should never have been written.  This theory suffers from a fundamental flaw in that the SAC has simply not alleged that MMO *actually* paid for any Androderm prescriptions that were ineffective, unnecessary or unsafe.  The SAC is afflicted by other equally dispositive pleading deficiencies because it provides no details regarding the alleged conduct of any of the Actavis Defendants or how that conduct allegedly injured MMO, nor does the SAC sufficiently plead any of its federal and state law claims.  MMO's Opposition gives no valid reasons against dismissal, showing that further amendments of the SAC would be futile.[2]

As set forth below and in the Actavis Defendants' Supplemental Memorandum in support of the Motion to Dismiss ("Supplemental Memorandum"), the SAC should be dismissed with prejudice because:  (1) MMO's RICO and fraud-based claims do not satisfy the pleading standard of Rule 9(b); (2) MMO lacks standing to pursue relief under the New Jersey Consumer Fraud Act ("NJCFA") and has not pled any "ascertainable loss" as required by that law; (3) MMO's claim under the New Jersey Insurance Fraud Protection Act ("NJIFPA") fails because MMO did not reimburse any Androderm prescriptions in New Jersey and the SAC does not identify any misrepresentations made in connection with any alleged reimbursement claims; (4)

---

[1] The Actavis Defendants join in the Defendants' Joint Reply Memorandum in support of the Motion to Dismiss.

[2] The cases cited in support of MMO's request to amend are inapplicable as they involved one, not multiple, amendments.  *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010); *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

MMO's remaining consumer protection claims fail because they are based on the laws of jurisdictions in which MMO has not reimbursed any Androderm prescriptions; and (5) MMO's unjust enrichment claim fails because the alleged conduct underlying that count is not actionable.

## ARGUMENT

### I. MMO's RICO and Fraud-Based Claims Should Be Dismissed Under Rule 9(b)

First, MMO's RICO and fraud-based claims are deficient under Rule 9(b) because MMO does not allege that it actually paid for any Androderm prescriptions that were ineffective, unnecessary or unsafe. *District 1199P Health & Welfare Plan v. Janssen, L.P.*, 784 F. Supp. 2d 508, 521 (D.N.J. 2011). While the SAC alleges that *one* patient used Androderm, it does not state that the patient received Androderm improperly nor does MMO even quantify its alleged reimbursements. SAC ¶ 831.

Second, the RICO and fraud-based allegations do not comply with Rule 9(b) because the SAC improperly lumps together all five separate and distinct entities. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). The Seventh Circuit recently affirmed a dismissal where, as here, the plaintiff failed to identify the conduct of each defendant. *United States v. Sanford-Brown, Ltd.*, 788 F.3d 696, 706 (7th Cir. 2015). MMO concedes this shortcoming, but argues that the deficiency should be excused because MMO is allegedly unaware of the corporate structure of the Actavis Defendants. Opp. at 35 ("True, MMO must distinguish the allegations against each of the actors."). The cases cited in the Opposition do not endorse MMO's argument, however, and two of those cases do not even apply Rule 9(b).[3]

---

[3] *See Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1329 (7th Cir. 1994) (affirming dismissal under Rule 9(b) and noting that defendants are entitled to be apprised of their alleged conduct); *see also Bausch*, 630 F.3d at 561 (assessing sufficiency of allegations under Rules 8 and 12, not Rule 9(b)); *Nelson v. Monroe Reg'l Med. Ctr.*, 925 F.2d 1555, 1557 (7th Cir. 1991) (allegations assessed under Rule 12(b)(6) in one-defendant case).

4841-2726-8393.4

Even if the Court were to overlook the improper grouping of the Actavis Defendants, the SAC is still deficient under Rule 9(b) because it lacks details regarding the alleged wrongs of the improperly lumped entities. *Ind./Ky./Ohio Reg'l Counsel of Carpenters Welfare Fund v. Cephalon, Inc.*, No. 13-cv-7167, 2014 WL 2115498, at *5 (E.D. Pa. May 21, 2014). MMO's Opposition simply cites to the vague allegations in the SAC related to the so-called enterprises through which Androderm was allegedly marketed. Opp. at 28-29, 45. None of those allegations describe with the requisite specificity the nature and extent of any of the Actavis Defendants' alleged participation in the purported enterprises, how the alleged enterprises improperly marketed Androderm, and how the alleged enterprises caused the improper or unnecessary prescriptions of Androderm. *Travelers Indem. Co. v. Cephalon*, 32 F. Supp. 3d 538, 551 (E.D. Pa. 2014). In short, MMO's RICO and fraud-based claims should be dismissed.

## II. MMO's NJCFA Count Should Be Dismissed for Failure to State a Claim[4]

MMO lacks standing under NJCFA because third party payors ("TPPs") like MMO are not consumers as they do not use Androderm.[5] *Central Reg'l Employees Ben. Fund v. Cephalon, Inc.*, No. 09-cv-3418 (MLC), 2009 WL 3245485, at *3 (D.N.J. Oct. 7, 2009); *S. Ill. Laborers' & Employers Health & Welfare Fund v. Pfizer Inc.*, No. 08-cv-5175 (KMW), 2009 WL 3151807, at *9-10 (S.D.N.Y. Sep. 30, 2009). As one court explained,

> TPP Plaintiffs do not use or consume the drugs they purchase. Rather, they essentially serve as middlemen or insurers, paying all or part of the cost of a beneificary's drugs in return for a stream of payments from the beneficiary. For these reasons, the Court

---

[4] As set forth in the Defendants' Joint Memorandum in support of the Motion to Dismiss, pursuant to choice of law principles, MMO can assert claims, if at all, only under the laws of Ohio. Joint Mem. at 34-35. Even assuming that MMO could invoke the laws of New Jersey or other states, those claims should be dismissed as discussed herein and in the Supplemental Memorandum.

[5] Standing is also lacking because the NJCFA covers only New Jersey transactions and MMO has not alleged that it sustained injuries in New Jersey. MMO has conceded this point by not addressing it in the Opposition. *See Copeling v. Ill. State Toll Highway Auth.*, No. 12-cv-10316, 2014 WL 540443, at *2 (N.D. Ill. Feb. 11, 2014); *Peterson v. Bay Valley Foods, LLC*, No. 11-cv-50309, 2012 WL 195036, at *1 (N.D. Ill. Jan. 23, 2012).

concludes that the third party payor Plaintiffs are not consumers
entitled to sue under the NJCFA.

*In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, No. 2:06-cv-5774 (SRC), 2009 WL 2043604, at *32 (D.N.J. July 10, 2009) ["*In re Schering Plough*"] (internal citations and quotation marks omitted).

The NJCFA claim fails also because MMO has not pled an "ascertainable loss" or that such loss was caused by the Actavis Defendants.[6] *Green v. Green Mountain Coffee Roasters, Inc.*, 279 F.R.D. 275, 282 (D.N.J. 2011). Again, the SAC does not identify a single Androderm prescription reimbursed by MMO that was ineffective, unnecessary or unsafe. Moreover, MMO cannot identify any physicians who prescribed, or patients who sought, Androderm as a result of the alleged conduct of the Actavis Defendants. Thus, the NJCFA claim fails.

### III. MMO's NJIFPA Count Should Be Dismissed for Failure to State a Claim

MMO's claim under the NJIFPA fails because the SAC does not allege that MMO reimbursed a single Androderm prescription that was ineffective, unnecessary or unsafe, let alone that the Actavis Defendants made misrepresentations "as part of, or in support of" a claim for reimbursement. *Government Employees Ins. Co. v. MLS Med. Gr. LLC*, No. 12-cv-7281 (SRC), 2013 WL 6384652, at *8 (D.N.J. Dec. 6, 2013). MMO's Opposition does not cure this fatal pleading deficiency. Therefore, the NJIFPA claim should be dismissed.

### IV. The SAC Fails to State a Claim Under Any Consumer Protection Laws

MMO's claims under the consumer protection laws of Ohio, forty-eight other states, the District of Columbia and Puerto Rico should be dismissed. With respect to Ohio, MMO withdrew its claim under the Ohio Consumer Sales Practices Act. Opp. at p. 82 n.48. MMO's

---

[6] The cases cited in the Opposition do not specifically address "ascertainable loss" or causation under the NJCFA. *See In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 527-540 (3d Cir. 2004) (reviewing propriety of class certification and settlement); *Desiano*, 326 F.3d at 347-351 (distinguishing causation under RICO and state claims).

claims under the other jurisdictions fail because the SAC does not allege that MMO actually paid for any Androderm purchases in those jurisdictions. *See In re Actimmune Mktg. Litig.*, No. C 08-02376 MHP, 2009 WL 3740648, at *17 (N.D. Cal. Nov. 6, 2009). Further, MMO has simply listed the consumer laws of these jurisdictions without explaining how each was allegedly violated. *Janssen*, 784 F. Supp. 2d at 531. Accordingly, MMO's consumer protection claims should be dismissed.

### V. **MMO's Unjust Enrichment Count Should Be Dismissed for Failure to State a Claim**

MMO's unjust enrichment claim fails because the underlying conduct is not actionable, and under New Jersey law, unjust enrichment cannot proceed as an independent claim, as acknowledged in the case cited by MMO. *In re Riddell Concussion Reduction Litig.*, No. 13-7585 (JBS/JS), 2015 WL 4640425, at *15 (D.N.J. Aug. 3, 2015) ("New Jersey does not recognize unjust enrichment as an independent tort cause of action."); *In re Schering Plough*, 2010 WL 2346624, at *12 (D.N.J. June 9, 2010). Thus, MMO's unjust enrichment claim fails.

### CONCLUSION

For these reasons, and for the reasons set forth in the Defendants' Joint Memorandum in Support of the Motion to Dismiss, the Actavis Defendants' Supplemental Memorandum in support of the Motion to Dismiss and the Defendants' Joint Reply Memorandum, the SAC should be dismissed with prejudice.

4841-2726-8393.4

Dated: November 5, 2015  Respectfully submitted,

By: *James W. Matthews*
James W. Matthews (*pro hac vice*)
Katy E. Koski (*pro hac vice*)
Jason L. Drori (*pro hac vice*)
FOLEY & LARDNER LLP
111 Huntington Avenue, Suite 2500
Boston, MA 02199
Tel: (617) 342-4000
Fax: (617) 342-4001
E-mail: jmatthews@foley.com
E-mail: kkoski@foley.com
E-mail: jdrori@foley.com

Jonathan W. Garlough
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
Tel: (312) 832-4500
Fax: (312) 832-4700
E-mail: jgarlough@foley.com

*Counsel for Defendants Actavis plc, Actavis, Inc., Actavis Pharma Inc., Watson Pharmaceuticals, Inc., Watson Laboratories, Inc. and Anda, Inc.*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing was filed through the Electronic Court Filing system on November 5, 2015 and a copy thereof will be sent electronically to the registered recipients and counsel of record as identified on the Notice of Electronic Filing.

                                       *James W. Matthews*
                                       James W. Matthews