# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION ) ) ) ) | MDL No. 2545 |
| ) | Master Docket No. 1"14-cv-01748 |
| This document relates to: ) ) | Hon. Matthew F. Kennelly |
| Medical Mutual of Ohio v. AbbVie, Inc., *et al.*, No. 1:14-cv-08857 ) ) ) | |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT AUXILIUM PHARMACEUTICALS, INC.'S MOTION TO DISMISS THE COMPLAINT**

William Hoffman (*pro hac vice*)
**KAYE SCHOLER LLP**
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
Tel: (202) 682-3550
Fax: (202) 414-0355
william.hoffman@kayescholer.com

Andrew K. Solow (*pro hac vice*)
Robert M. Grass (*pro hac vice*)
**KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Tel: (212) 836-7740
Fax: (212) 836-6776
andrew.solow@kayescholer.com
robert.grass@kayescholer.com

Pamela J. Yates (*pro hac vice*)
**KAYE SCHOLER LLP**
1999 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Tel: (310) 788-1000
Fax: (310) 229-1878
pamela.yates@kayescholer.com

*Attorneys for Defendant Auxilium Pharmaceuticals, Inc.*

63056563

**TABLE OF CONTENTS**

Page

I. MMO HAS FAILED TO PLEAD FRAUD WITH PARTICULARITY ............................ 1

II. MMO'S PENNSYLVANIA STATE LAW CLAIMS SHOULD BE DISMISSED .......... 2

    A. MMO Has Failed to State a Claim under the PUTPCPL......................................... 2

    B. MMO Has Failed to State a Claim under Pennsylvania's Insurance Fraud Statute ....................................................................................................................... 4

    C. MMO Has Failed to State a Claim under Pennsylvania Common Law for Fraud, Negligent Misrepresentation, or Unjust Enrichment .................................... 4

CONCLUSION ................................................................................................................................ 5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Balderston v. Medtronic Sofamor Danek, Inc.*,
    285 F.3d 238 (3d Cir. 2002)..................................................................................................2, 3

*Borsellino v. Goldman Sachs Grp., Inc.*,
    477 F.3d 502 (7th Cir. 2007) ......................................................................................................2

*In re Avandia Marketing, Sales Pracs. & Prods. Liab. Litig.*,
    No. 2007-MD-1871, 2013 WL 5761202 (E.D. Pa. Oct. 23, 2013)............................................3

*In re Testosterone Replacement Therapy Prods. Liab. Litig.*,
    No. 14 C 1748, 2014 WL 7365872 (N.D. Ill. Dec. 23, 2014) ....................................................1

*Joyce v. Erie Ins. Exchange*,
    74 A.3d 157 (Pa. Super. 2013)...................................................................................................4

*Ostrander v. Katsur*,
    No. GD 01-4420, 2006 WL 3899544 (Pa. Com. Pl. June 2, 2006) ...........................................3

*Rosenstern v. Allergan, Inc.*,
    987 F. Supp. 2d 795 (N.D. Ill. 2013) .........................................................................................2

*SFRL Inc. v. Galena State Bank & Trust Co.*,
    No. 11 C 50277, 2012 WL 2839814 (N.D. Ill. July 10, 2012) ..................................................2

**Statutes**

18 Pa. C.S.A. §§ 4117(1) ................................................................................................................4

18 Pa. C.S.A. § 4117(a)(2)..............................................................................................................4

**Rules**

Fed. R. Civ. P. 8..............................................................................................................................1

Fed. R. Civ. P. 9(b) .....................................................................................................................1, 2

Auxilium[1] respectfully submits this supplemental reply memorandum of law in further support of its Motion to Dismiss the Second Amended Complaint. This reply memorandum supplements the Defendants' Joint Reply Memorandum in Further Support of their Motions to Dismiss the Second Amended Complaint.

**I.  MMO HAS FAILED TO PLEAD FRAUD WITH PARTICULARITY**

Contrary to MMO's assertion, Auxilium does not contend that MMO is "required to allege each specific representation or conversation" that MMO alleges was fraudulent. MMO Mem. at 36. Nor does Auxilium contend that MMO must "'identify for pleading purposes, the exact date on which [it] heard or saw a particular representation.'" *Id.* (citing *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, No. 14 C 1748, 2014 WL 7365872, at *7 (N.D. Ill. Dec. 23, 2014). Rather, as explained in Auxilium's Supplemental Memorandum, MMO has failed to satisfy Rule 9(b) because the SAC does not allege a ***single*** such representation by or conversation between Auxilium and MMO, a doctor that prescribed Testim or Testopel to an MMO insured, or an MMO insured that caused MMO to pay for or a Testim or Testopel prescription. *See* Aux. Mem. at 4-7. MMO's summary of its allegations in its opposition merely confirms the point. *See* MMO Mem. at 36-37.

MMO claims that it does "not have to plead evidence" because "that is the purpose of discovery." MMO Mem. at 37. But MMO must plead facts. And, it has failed to do so with sufficient particularity.[2] MMO does not dispute that each of its claims against Auxilium is

---

[1] Capitalized terms have the same meaning given to them in Auxilium's Supplemental Memorandum of Law in Support of its Motion to Dismiss the Complaint ("Aux. Mem.") [Dkt. No. 119].

[2] In addition, MMO confuses its burden under Rule 8 with its heightened burden under Rule 9(b) when it claims that the "SAC provides 'facial plausibility' to Plaintiff's claims of entitlement to relief under *Twombly*." MMO Mem. at 38.

subject to Rule 9(b) because each is premised upon the same alleged course of fraudulent conduct. *See* Aux. Mem. at 3-4 (citing *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007); *Rosenstern v. Allergan, Inc.*, 987 F. Supp. 2d 795, 806 (N.D. Ill. 2013); *SFRL Inc. v. Galena State Bank & Trust Co.*, No. 11 C 50277, 2012 WL 2839814, at *2 (N.D. Ill. July 10, 2012). Accordingly, each of MMO's claims against Auxilium should be dismissed for failure to satisfy Rule 9(b).

## II. MMO'S PENNSYLVANIA STATE LAW CLAIMS SHOULD BE DISMISSED

For the reasons set forth in Defendants' Joint Memorandum [Dkt. No. 109] and Joint Reply Memorandum, Ohio law governs MMO's state law claims against Auxilium and MMO has failed to state a claim under governing Ohio law. But even if Pennsylvania law applied to MMO's state law claims against Auxilium, those claims should be dismissed.

### A. MMO Has Failed to State a Claim under the PUTPCPL

MMO contends that it has standing to pursue claims against Auxilium under the PUTPCPL because it is a "person" within the meaning of that statute. MMO Mem. at 100. MMO's argument misses the point. Auxilium has not argued that MMO lacks standing because it is not a "person" within the meaning of the PUTPCPL. Rather, MMO lacks standing under the PUTPCPL because it did not purchase Testim or Testopel, much less for personal, family, or household use as required under the statute. *See* Aux. Mem. at 8-9.

MMO attempts to distinguish the Third Circuit's decision in *Balderston v. Medtronic Sofamor Danek, Inc.*, 285 F.3d 238, 241 (3d Cir. 2002) — that a doctor lacked standing under the PUTPCPL because he did not purchase the medical device at issue — on the ground that the doctor in that case asserted his claim against the medical device manufacturer "in his own right for statutory fraud." MMO Mem. at 101. But that is no distinction at all. MMO also is seeking recovery in its own right — not for the benefit of its insureds who purchased Testim or Testopel

for their personal use. Just as in *Balderston*, MMO lacks standing to do so because it did not purchase those medicines for its personal, family, or household use. MMO also ignores the *Balderston* Court's alternative holding that even if the doctor did pay for the medical device at issue, he lacked standing under the PUTPCPL because "he 'purchased' the [medical device] for his patients' 'personal use'" and "we have uncovered no Pennsylvania decision finding actionable a non-representative plaintiff's claim based on others' 'personal uses.'" *Balderston v. Medtronic Sofamor Danek, Inc.*, 285 F.3d 238, 242 (3d Cir. 2002).[3]

MMO dismisses the authorities cited in Auxilium's supplemental memorandum that dismissed PUTPCPL claims against pharmaceutical manufacturers for failure to allege justifiable reliance in light of the learned intermediary doctrine (Aux. Mem. at 10-11) on the ground that those cases involve patients, and not TPPs. *See* MMO Mem. at 102-03. MMO relies instead on *In re Avandia Marketing, Sales Pracs. & Prods. Liab. Litig.*, No. 2007-MD-1871, 2013 WL 5761202 (E.D. Pa. Oct. 23, 2013). *See id.* But that case does not even address the learned intermediary doctrine. It does, however, confirm that the PUTPCPL does not apply to MMO's claim against Auxilium. The *Avandia* court rejected the argument of a TPP located in New York that the PUTPCPL governed its claim because the defendant "is a 'Pennsylvania merchant' whose wrongful actions were orchestrated and emanated from Pennsylvania," which is the same argument that MMO makes here. *Avandia*, 2013 WL 5761202, at *9. As the court explained, the PUTPCPL "was enacted to protect Pennsylvania consumers, and [the New York TPP] cites

---

[3] MMO does not even address *Ostrander v. Katsur*, No. GD 01-4420, 2006 WL 3899544 (Pa. Com. Pl. June 2, 2006), that medical insurers lack standing under the PUTPCPL. See Aux. Mem. at 9-10. Moreover, contrary to MMO's contention, Auxilium did not "ignor[e] applicable precedent" holding that TPPs have standing under the PUTPCPL. MMO Mem. at 100. Auxilium acknowledged and distinguished that precedent as inconsistent with the Third Circuit's decision in *Balderston*. *See* Auxilium Supp, Mem. at 9 n.3.

no authority for the proposition that Pennsylvania law should apply when wrongdoing emanating from Pennsylvania affects non-residents."

### B. MMO Has Failed to State a Claim under Pennsylvania's Insurance Fraud Statute

MMO fails to dispute that Pennsylvania's Insurance Fraud statute does not apply to every fraud allegedly directed to an insurer. It applies only to a "statement," meaning "[a]ny oral or written presentation or other evidence of loss, injury or expense," that "form[s] a part of, or in support of, a claim that contains any false, incomplete or misleading information . . . ." 18 Pa. C.S.A. §§ 4117(1), (a)(2); Aux. Mem. at 12. MMO claims that Auxilium can be liable under that statute even if it did not submit a false claim to MMO as long as it caused one to be submitted to MMO. *See* MMO Mem. at 104. But MMO has not identified any false statement concerning evidence of loss, injury or expense made by Auxilium or that it caused to be submitted to MMO that forms part of or supports an insurance claim. Accordingly, MMO's claim should be dismissed.

### C. MMO Has Failed to State a Claim under Pennsylvania Common Law for Fraud, Negligent Misrepresentation, or Unjust Enrichment

As set forth in Auxilium's Supplemental Memorandum, proximate cause is an essential element of MMO's claims for fraud, negligent misrepresentation, and under the PUTPCPL and the Insurance Fraud Statute. *See* Aux. Mem. at 13-14. MMO does not dispute that Pennsylvania law includes the same proximate cause principles that apply to MMO's RICO claims. Accordingly, even if governed by Pennsylvania law, MMO's state law claims should be dismissed for failure to plausibly allege proximate cause.

Nor does MMO dispute that, under Pennsylvania law, MMO's common law claims for fraud and negligent misrepresentation require it to plead first-party reliance, *i.e.*, that MMO relied on Auxilium's allegedly fraudulent representations. *See* Aux. Mem. at 14 (citing *Joyce v.*

*Erie Ins. Exchange*, 74 A.3d 157, 167 (Pa. Super. 2013)). In the SAC, MMO does not identify a single specific alleged misrepresentation on which it relied in paying for Testim or Testopel. Accordingly, even if governed by Pennsylvania law, MMO's common law claims for fraud and negligent misrepresentation should be dismissed for that additional reason.

Finally, MMO does not dispute that, under Pennsylvania law, its unjust enrichment claim cannot be used as a substitute for failed tort claims. *See* Aux. Mem. at 15. It follows that MMO's unjust enrichment claim should be dismissed because its other state law claims should be dismissed.

## CONCLUSION

For the foregoing reasons and those set forth in Auxilium's Revised Supplemental Memorandum, Defendants' Joint Reply Memorandum, and Defendants' Joint Memorandum, the Court should dismiss each of MMO's claims against Auxilium.

Dated: November 5, 2015          Respectfully submitted,

/s/ *Andrew K. Solow*
William Hoffman (*pro hac vice*)
**KAYE SCHOLER LLP**
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
Tel: (202) 682-3550
Fax: (202) 414-0355
william.hoffman@kayescholer.com

Andrew K. Solow (*pro hac vice*)
Robert M. Grass (*pro hac vice*)
**KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Tel: (212) 836-7740
Fax: (212) 836-6776
andrew.solow@kayescholer.com
robert.grass@kayescholer.com

63056563      5

        Pamela J. Yates (*pro hac vice*)
**KAYE SCHOLER LLP**
1999 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Tel: (310) 788-1000
Fax: (310) 229-1878
pamela.yates@kayescholer.com

*Attorneys for Defendant Auxilium Pharmaceuticals, Inc.*

**CERTIFICATE OF SERVICE**

    I, Andrew K. Solow, an attorney, hereby certify that on November 5, 2015, I caused a copy of the foregoing document to be filed via the Court's EM/ECF system, which will automatically serve and send e-mail notification of such filing to all registered attorneys of record.

                                                    */s/ Andrew K. Solow*
                                                    Andrew K. Solow

63056563