# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL No. 2545 |
| _____ | ) | Master Docket No. 1"14-cv-01748 |
| This document relates to: | ) ) | Hon. Matthew F. Kennelly |
| Medical Mutual of Ohio v. AbbVie, Inc., *et al.*, No. 1:14-cv-08857 | ) ) | |
| _____ | ) | |

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GLAXOSMITHKLINE LLC'S MOTION TO DISMISS THE COMPLAINT**

William Hoffman (*pro hac vice*)
**KAYE SCHOLER LLP**
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
Tel: (202) 682-3550
Fax: (202) 414-0355
william.hoffman@kayescholer.com

Andrew K. Solow (*pro hac vice*)
Robert M. Grass (*pro hac vice*)
**KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Tel: (212) 836-7740
Fax: (212) 836-6776
andrew.solow@kayescholer.com
robert.grass@kayescholer.com

Pamela J. Yates (*pro hac vice*)
**KAYE SCHOLER LLP**
1999 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Tel: (310) 788-1000
Fax: (310) 229-1878
pamela.yates@kayescholer.com

*Attorneys for Defendant GlaxoSmithKline LLC*

**Table of Contents**

Page

I.       MMO HAS FAILED TO PLEAD FRAUD WITH PARTICULARITY ........................... 1

II.     MMO'S PENNSYLVANIA STATE LAW CLAIMS SHOULD BE DISMISSED .......... 2

CONCLUSION ................................................................................................................. 3

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*United States ex rel. Fowler v. Caremark Rx, L.L.C.*,
496 F.3d 730 (7th Cir. 2007), *overruled on other grounds by Glaser v. Wound
Care Consultants, Inc.*, 570 F.3d 907 (7th Cir. 2009) ............................................................2

*United States ex rel. Grenadyor v. Ukrainian Village Pharmacy, Inc.*,
772 F.3d 1102 (7th Cir. 2014) ...........................................................................................2

**Rules**

Fed. R. Civ. P. 9(b) ............................................................................................................1, 2

GSK[1] respectfully submits this reply memorandum of law in further support of its Motion to Dismiss the Second Amended Complaint. This reply memorandum supplements the Defendants' Joint Reply Memorandum in Further Support of their Motions to Dismiss the Second Amended Complaint.

## I. MMO HAS FAILED TO PLEAD FRAUD WITH PARTICULARITY

MMO does not dispute that the only claims it has asserted against GSK are those asserted against "All Defendants" for common law fraud, negligent misrepresentation, and unjust enrichment. *See* GSK Mem. at 2. Nor does MMO dispute that each of those claims is subject to the heightened pleading standard of Rule 9(b) because each is premised on the same course of alleged fraudulent conduct. *See id.* at 3. As demonstrated in GSK's Supplemental Memorandum, MMO's allegations against GSK consist of conclusory statements that, during the course of its 15 month co-promotion agreement with Auxilium, GSK made "made, false, deceptive, and misleading statements" to doctors "regarding the clinical safety and effectiveness of Testim," and "detailed and promoted the product to physicians, and advertised the product to consumers and patients, promoting the idea that 'Low T' is synonymous with hypogonadism and that Testim is approved and indicated for clinical use in treating 'Low T.'" GSK Mem. at 3-4 (quoting SAC ¶¶ 526, 531). MMO has not alleged any specific misrepresentation that GSK allegedly made to any doctor who prescribed Testim to any MMO insured.

In opposition, MMO merely repeats the conclusory allegations of the SAC, which are insufficient to satisfy Rule 9(b). Moreover, contrary to MMO's contention, GSK's motion is not predicated on MMO's failure to plead "which actor made which sales." MMO Mem. at 43.

---

[1] Capitalized terms have the same meaning given to them in GSK's Supplemental Memorandum of Law in Support of its Motion to Dismiss the Complaint ("GSK Mem.") [Dkt. No. 121].

Rather, it is based on MMO's failure to plead any specific misrepresentation concerning the safety or efficacy of Testim that is attributable to GSK and that caused MMO to pay for a Testim prescription. *See* GSK Mem. at 2-4; *United States ex rel. Grenadyor v. Ukrainian Village Pharmacy, Inc.*, 772 F.3d 1102, 1107 (7th Cir. 2014) (affirming dismissal of False Claims Act claim under Rule 9(b) where plaintiff failed "to allege either that the pharmacy submitted a claim to Medicare (or Medicaid) on behalf of a specific patient who had received a kickback, or at least name a Medicare patient it billed Medicare patient who had received a kickback"); *United States ex rel. Fowler v. Caremark Rx, L.L.C.*, 496 F.3d 730, 741-42 (7th Cir. 2007) (affirming dismissal of False Claims Act claim alleging pharmacy failed to reimburse federal government for prescriptions returned by federal employees where plaintiffs "did not present any evidence *at an individualized transaction level* to demonstrate that Caremark failed to provide an appropriate refund or replacement product for a returned prescription") (emphasis by Court)), *overruled on other grounds by Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907 (7th Cir. 2009).

## II.     MMO'S PENNSYLVANIA STATE LAW CLAIMS SHOULD BE DISMISSED

For the reasons set forth in Defendants' Joint Memorandum [Dkt. No. 109] and Joint Reply Memorandum, Ohio law governs MMO's state law claims against GSK and MMO has failed to state a claim under governing Ohio law. But even if Pennsylvania law applied to MMO's state law claims against GSK, those claims should be dismissed for the reasons set forth in GSK's Supplemental Memorandum and in Point II of the Supplemental Reply Memorandum of Law in Support of Defendant Auxilium Pharmaceuticals, Inc.'s Motion to Dismiss the Complaint, which is incorporated by reference.

## CONCLUSION

For the foregoing reasons and those set forth in Endo's Revised Supplemental
Memorandum, Defendants' Joint Reply Memorandum, and Defendants' Joint Memorandum, the
Court should dismiss each of MMO's claims against GSK.

Dated: November 5, 2015                  Respectfully submitted,


*/s/ Andrew K. Solow*
William Hoffman (*pro hac vice*)
**KAYE SCHOLER LLP**
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
Tel: (202) 682-3550
Fax: (202) 414-0355
william.hoffman@kayescholer.com

Andrew K. Solow (*pro hac vice*)
Robert M. Grass (*pro hac vice*)
**KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Tel: (212) 836-7740
Fax: (212) 836-6776
andrew.solow@kayescholer.com
robert.grass@kayescholer.com

Pamela J. Yates (*pro hac vice*)
**KAYE SCHOLER LLP**
1999 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Tel: (310) 788-1000
Fax: (310) 229-1878
pamela.yates@kayescholer.com

*Attorneys for Defendant GlaxoSmithKline LLC*

**CERTIFICATE OF SERVICE**

I, Andrew K. Solow, an attorney, hereby certify that on November 5, 2015, I caused a copy of the foregoing document to be filed via the Court's EM/ECF system, which will automatically serve and send e-mail notification of such filing to all registered attorneys of record.

/s/ *Andrew K. Solow*
Andrew K. Solow
