UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>*Medical Mutual of Ohio v. AbbVie, Inc., et al.,* Case No. 1:14-cv-8857 | MDL No. 2545<br><br>Master Docket Case No. 1:14cv1748<br><br>Honorable Matthew F. Kennelly |

**CASE MANAGEMENT ORDER #2**
**(NON-EXPERT FACT DISCOVERY AND CASE MANAGEMENT PROTOCOL)**

The Court finds that the Parties have met and conferred with regard to a Case Management Order addressing non-expert fact discovery in *Medical Mutual of Ohio v. AbbVie, et al.* ("MMO Litigation") pending in these MDL proceedings. The Parties having stipulated thereto, the Court orders as follows:

**I.     GENERAL PROVISIONS**

This Order is binding on all Parties and their counsel in the MMO Litigation. Any party to the MMO Litigation will be referred to individually as "Party" and plurally as "Parties." It will also be binding on any Third Party to the MMO Litigation ("Third Party" or "Third Parties"). This Order controls non-expert fact discovery issues generally as well as fact discovery of Third Parties, taken in the MMO Litigation.

**II.     GOVERNING LAW**

Discovery shall be governed by the applicable provisions of the Federal Rules of Civil Procedure and the Local Rules of the presiding Court, except as otherwise provided herein or in any other Case Management Order. Unless specifically modified herein, nothing in this Order

1

shall be construed to abrogate, modify, or enlarge the Federal Rules of Civil Procedure or the Local Rules of the presiding Court.

### III. DEPOSITIONS

**A. Deposition Point Persons**. Depositions and matters related to depositions shall be coordinated by Point Persons designated for Plaintiffs and each Defendant. The Parties will cooperate to expand the notifications as necessary and convenient, but for a communication concerning the notice or scheduling of a deposition to be effective, it must be made by email to the deposition Point Person(s). Point Persons for Plaintiffs and each Defendant must be designated within five (5) days after entry of this Order.

**B. Numerical Limits on Party Depositions and Custodial File Productions.**

The numerical limits on depositions and custodial files set forth herein only apply to Party witnesses (including employees and former employees of a Party) and do not apply to Third Parties.

MMO shall be entitled to request custodial files and take depositions of current and former employees of each Defendant, subject to the numerical limitations set forth below:

| Defendant | Depositions | Custodial File Requests |
|---|---|---|
| AbbVie defendants | 18 | 27 |
| Auxilium | 15 | 23 |
| Lilly defendants | 12 | 18 |
| Watson/Actavis defendants | 8 | 12 |
| Endo | 6 | 9 |

If a custodial file that is requested by MMO does not exist, the request will not count towards the custodial file cap.

MMO shall be entitled to take one Rule 30(b)(6) deposition per Defendant, limited to preliminary questions of organizational structure and identification of witnesses with knowledge of the facts at issue, which shall not count against the cap for that Defendant.

To the extent that MMO intends to notice a Party deponent who has already testified in the Products cases, MMO shall first communicate to the relevant Defendant the areas at issue that MMO believes were not already covered. The Parties shall then meet-and-confer. If an agreement cannot be reached, then the Party seeking the deposition may seek resolution from the Court. Whether by agreement of the Parties or by order of the Court, any further deposition of a Party deponent who has already testified in the Products cases shall count against the cap for that Defendant.

Defendants collectively shall be entitled to take one Rule 30(b)(6) deposition of MMO limited to preliminary questions of organizational structure and identification of witnesses with knowledge of the facts at issue, which shall not count against the cap for MMO.

Defendants shall be entitled to take up to 17 depositions of MMO current and former employees. Defendants shall be entitled to request production of up to 26 custodial files of current and/or former MMO employees. If a custodial file that is requested by Defendants does not exist, the request will not count towards the custodial file cap.

MMO shall have up to twenty-eight (28) hours of substantive Rule 30(b)(6) deposition time per Defendant. Each seven (7) hour increment of a substantive Rule 30(b)(6) deposition shall count as one deposition against the deposition caps stated above.

Defendants shall have up to forty (40) hours of substantive Rule 30(b)(6) deposition time as against MMO. Each ten (10) hour increment of a substantive Rule 30(b)(6) deposition shall count as one deposition against the deposition caps stated above.

If any Party wishes to conduct additional depositions or to seek additional custodial files beyond that provided herein, that Party shall initiate a meet and confer with the other Party(ies) to determine if an agreement can be reached on the number of additional depositions and/or custodial files. If the Parties are unable to reach agreement, the dispute shall be submitted promptly to the Court for resolution.

**C.     Fact and Corporate Witness Depositions.** Depositions noticed under Rule 30 for individual fact witnesses and those noticed under Rule 30(b)(6) for corporate depositions should be, but are not required to be, consolidated by the noticing Party whenever reasonably feasible to avoid requiring witnesses to testify more than once.

In the event that a deposition of Defendant's current or former employee is so consolidated, such will count as two (2) depositions against the limitations set forth in III.B, if the consolidated deposition goes for more than 7 hours.

In the event that a deposition of MMO's current or former employee is so consolidated, such will count as two (2) depositions against the limitations set forth in III.B, if the consolidated deposition goes for more than 10 hours.

**D.     Deposition Notices**

**1.     Notice of Deposition Procedures**. Absent extraordinary circumstances, counsel should consult in advance with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations. Counsel are expected to cooperate and coordinate the scheduling of depositions and to respond

4

expeditiously to requests for a deposition date or location unless the Party receiving such request objects to the deposition notice.

Unless otherwise agreed by the Parties, or exigent circumstances, depositions must be noticed at least thirty (30) days in advance, with notice served upon counsel. Any objections to the notice shall be served no later than ten (10) days after the notice is served.

2. **Contents of Notice**. Each deposition notice shall include the name of each deponent, if known. If the name of the deponent is unknown to the noticing Party, the deposition notice shall include the deponent's general occupational description. Each deposition notice shall include contact information for the designated deposition Point Person that will allow interested counsel to obtain information regarding the deposition. This Order shall be referenced in any Party or non-party subpoena or deposition notice. If the deposition is to be videotaped, the notice shall state that the deposition will be recorded by video.

If a Party intends to depose a former employee of a Party, a subpoena shall be served upon the Point Person for the Party. The Point Person for the Party receiving the notice shall have ten (10) days to inform the Point Person for the Party sending the notice whether the former employee will be represented by counsel and the name of such counsel if not the same as counsel for the Party employer. If no such notice is provided, and if the subpoenaing Party is not otherwise aware that the former employee is represented by counsel, counsel for the noticing Party shall be permitted to contact the former employee directly. If the former employee is not represented by the same counsel as the Party employer, any subpoena served upon the Point Person for the Party employer shall be null and void, and the subpoenaing Party shall be required to subpoena the former employee directly. If the notice asks the deponent to produce, or if the witness may be

5

asked about, documents that may contain confidential information, the Protective Order entered into by the Parties shall be referenced in the notice.

Deposition notices of Defendants' current or former employees or of third parties will be served directly by MMO's counsel. The Court hereby adopts CMO No. 34 with respect to the scope of MMO subpoenas served on certain physicians, scientists and researchers who may have been retained by one or more of the Defendants in anticipation of litigation and who have not been identified as testifying expert witnesses. All Defendants' notices of MMO and third parties shall be served directly on MMO's counsel of record.

### E. Attendance

**1. Who May Be Present**. Unless otherwise ordered under Fed. R. Civ. P. 26(c) or agreed by the Parties, only the following may attend depositions: counsel of record, members and employees of their firms, attorneys specially engaged by a Party for purposes of the deposition, counsel for the witness, the Parties or their respective representatives, experts or non-testifying consultants, court reporters, videographers, the deponent, and counsel for the deponent and in-house attorneys for a Party.

While the deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under the Protective Order shall be excluded from the deposition. Any portion of the deposition transcript containing confidential information shall be sealed so as not to waive confidentiality for a period of time consistent with the Protective Order. When a Defendant's employees or former employees are being deposed, such Defendant may ask that attendance at the deposition by any competitor Co-Defendants be limited to counsel of record for such Co-Defendants, members and employees of their firms, any attorneys specially engaged by a Party for purposes of the deposition, and

counsel for the former employee witness (if different from the former-employer Defendant's counsel of record).

2.  **Notice of Intent to Attend a Deposition**. In order for the noticing Party to make arrangements for adequate deposition space, any counsel who intends to attend a deposition noticed in this case – either in person or remotely – should advise the deposition Point Persons for Plaintiffs and Defendants not fewer than five (5) business days prior to the deposition, whenever feasible. The Point Persons will then confer regarding the expected attendance and make a final determination not fewer than three (3) business days prior to the scheduled date as to who may attend the deposition. Subject to other requirements in this Order, any person may attend remotely.

3.  **Noticing and Participating in Depositions Remotely.**

    a.  **Form of Notice.** A Party may indicate in its notice of deposition that it wishes to conduct the deposition remotely by telephone or internet. Unless an objection is filed and served within ten (10) days after such notice is received, it shall be deemed that the Parties have stipulated to same pursuant to Fed. R. Civ. P. 30(b)(4).

    b.  **Remote Participation.** In the event that a Party, or the Party's representative, wishes to attend a deposition remotely by telephone or internet, that Party shall notify the deposition Point Persons for Plaintiffs and Defendants not fewer than two (2) business days prior to the deposition. Any Party who participates remotely shall be deemed bound by the Protective Order and shall not re-record the deposition, by video or audio means. The Party seeking to attend remotely is responsible for securing the necessary telephone or internet connections. Persons participating remotely must identify all persons attending at the deposition remotely with them, such persons being subject to the restrictions on attendance set forth in this

7

Order. Persons attending remotely must comply with the provisions set forth in Section III.E.2. Counsel participating in a deposition remotely are permitted to make objections, but are not permitted to conduct examinations of witnesses, absent extenuating circumstances, such as weather delay or physical restriction on travel.

### F. Conduct of Depositions

#### 1. Examinations.

**a. Number of Examiners.** Subject to the agreement of the Parties, questioning of Defendants' current and/or former employees should ordinarily be conducted by one attorney for MMO, but shall not exceed more than two (2) attorneys.

With regard to each deposition noticed by Defendants of MMO's current and/or former employees and third party witnesses, each Defendant shall designate one (1) primary examiner and shall avoid duplicative questioning. When there is examination by two (2) attorneys examining a Defendant witness, the presumptive understanding is that the first MMO examiner should conduct his or her examination to completion before any questioning by the second MMO examiner. The second MMO examiner's questioning is limited to non-redundant (i.e., new) subject matters particular to each Defendant and/or not previously covered. Duplicative questioning by the preceding MMO examiner(s) is prohibited, except as necessary to provide foundation for the examination. MMO examiners shall not be permitted to tag team a witness during witness examinations, but to the extent that a subject area was not covered, the first MMO examiner may be permitted to re-examine the witness following the second MMO examiner, subject to agreement by the Parties.

**b. Sequence of Examination**. The questioning of Defendants' current and former employees will be conducted in the following sequence: (1) MMO examiner(s); (2) counsel

for the Defendant which currently employs or formerly employed the deponent; (3) non-repetitive questioning by counsel for the other Defendants; (4) individual counsel for the deponent, if any, other than counsel above; and (5) any re-examination by the MMO examiner to the extent the MMO examiner has not exceeded the time limitations set forth in Section III.F.4 (Length of Examination) of this Order.

Questioning at the depositions to be taken by Defendants shall be conducted in the following sequence: (a) the primary examiners selected by each Defendant; (b) the primary examiner(s) selected by MMO; (c) individual counsel for the deponent, if any; and (d) any re-cross and re-direct by (a)-(c), *supra*.

### 2. Documents Used at Depositions

**a. Production of Documents.** Rule 45 of the Federal Rules of Civil Procedure, including the pre-notice requirements, shall govern subpoenas directing third party witnesses to produce documents.

**b. Copies of Documents**. A sufficient number of extra copies of documents about which deposing counsel expects to examine a deponent should be provided to examining counsel for the Parties and the deponent during the course of the deposition.

**c. Marking of Deposition Exhibits.** All documents previously produced and used as exhibits with witnesses from a particular Defendant or third party witnesses shall be referred to clearly either by: (a) the Bates stamp numbers appearing on the documents; (b) a previously marked exhibit number; or (c) a clearly identifiable alternative designation. Documents that have not been previously produced shall be assigned a Bates stamp number from a range of numbers reserved for this purpose. The first time such a document is introduced as an

exhibit at a deposition, it shall be marked with the assigned Bates stamp number within fourteen (14) days of the deposition.

**d. Objections to Documents**. Objections to the relevance or admissibility of documents used as deposition exhibits are preserved for later ruling by the Court or by the trial judge. All Parties shall cooperate as necessary so that the Court may issue a ruling on any objection to a document prior to trial.

**3. Length of Examination**. Absent agreement of the Parties or a Court order allowing additional time pursuant to Rule 30(d)(1) and except as to Rule 30(b)(6) depositions, the length of depositions noticed by MMO shall not exceed seven (7) hours of examination. The seven (7) hours of examination shall not include questioning by the Party defending the deposition. MMO shall be entitled to a minute-for-minute re-cross following any examination by the defending Party. To the extent that the Party defending the deposition conducts a further re-direct examination following MMO counsel re-cross, MMO shall be entitled to a minute-for-minute re-re-cross.

Absent agreement of the Parties or a Court order allowing additional time pursuant to Rule 30(d)(1), the length of depositions noticed by Defendants of current or former MMO employees shall not exceed ten (10) hours of examination. The ten (10) hours of examination shall not include questioning by MMO. Defendants shall be entitled to a minute-for-minute re-cross following any examination by MMO. To the extent that MMO conducts a further re-direct examination following Defendants' re-cross, Defendants shall be entitled to a minute for minute re-re-cross.

To the extent the Party defending any deposition anticipates that its questioning of its own witness will exceed forty-five minutes, it will provide notice at least ten

(10) days before the scheduled deposition, so arrangements can be made for the deposition to continue into a second day. In such case, the questioning by the Party defending the deposition shall commence on the second day with any additional questioning pursuant to the terms of this Order following thereafter. The Parties recognize that, at times, the need to question their own witnesses for more than forty-five minutes may not become clear until the deposition is underway, and in such event, the failure alone of a Party to give the advance notice set forth in this paragraph will not preclude that Party from questioning its own witness for more than forty-five minutes.

        **4.**        **Deposition Day**. Unless otherwise agreed upon by the Parties, a Deposition Day typically shall commence at 9:00 a.m. There shall be a minimum of one fifteen (15) minute morning break and two fifteen (15) minute afternoon breaks, with one (1) hour for lunch. Variations in this schedule may be made by agreement of counsel who noticed the deposition and counsel for the deponent.

        **5.**        **Location for Depositions**.

        **a.**        **Location for Depositions of Witnesses.** Unless otherwise agreed upon by counsel, depositions of witnesses who reside or work in the United States will take place at one of the following locations: (1) the offices of such witness's attorney(s), or (2) at the location in the district where the witness resides or works. If the deposition is to take place at a location other than at the offices of the witness's counsel, the Party noticing the deposition will make arrangements for an appropriate location at its own expense. The Parties shall make reasonable efforts to obtain the agreement of former employees to appear at the designated locations.

        **b.**        **Arrangements for Deposition Space**. Parties responsible for securing deposition space shall reserve an adequately-sized room and all counsel shall be

11

provided with a separate room in which to confer during breaks, and reasonable access to the internet and basic office services including but not limited to copy and fax machines without charge.

## G. Objections and Directions Not to Answer.

**1. Preservation of Objections.** All objections, except those as to form and privilege, are reserved until trial or other use of the depositions. As soon as any one attorney representing a Party states the word "objection," all Parties shall be deemed to have preserved all possible objections to the form of the question or the responsiveness of the answer. Counsel for other Parties should avoid repeating the objection. If an explanation for the basis of the objection is requested, all counsel who state that they object may explain the bases therefor.

**2. Prohibition on Speaking Objections**. Counsel shall comply with Fed. R. Civ. P. 30(c)(2) concerning objections at depositions.

**3. Objections as to Authenticity.** Any objection to the authenticity of an exhibit used in the deposition must be made by the objecting Party within thirty (30) days of the deposition, or the exhibit will be deemed authentic. If a Party subsequently obtains information that an exhibit is not authentic, that Party will promptly notify the Party that offered the exhibit, and all Parties shall cooperate as necessary so that the Court may issue a ruling on any objection to a document prior to trial.

**4. Directions Not to Answer.** Counsel shall not direct or request that a witness refuse to answer a question unless that counsel has objected to the question on the ground that the question seeks (a) privileged information, (b) information that the Court has ordered may not be discovered or (c) where the Parties have agreed that a 30(b)(6) deposition will be limited to the 30(b)(6) topics, and the question exceeds the scope of the topics. Alternatively, counsel may

direct a deponent not to answer when the deponent or Party, through counsel, states his, her or its intention to present a motion to the Court for termination of the deposition on the ground that it is being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass or oppress the Party or deponent, or to discover evidence that the deponent's counsel believes is not discoverable.

      **H**.    **Disputes During Depositions.**  Disputes between the Parties should be addressed to this Court rather than the district court in the district in which the deposition is being conducted.  Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the Court, and if the Court is not available, and to the extent the Parties are still unable to resolve the dispute, the deposition shall continue as to matters not in dispute with full reservation of rights for a ruling at the earliest possible time.  If the nature of the dispute would not stop the deposition from going forward, the Parties may elect to either present the matter to the Court by telephone, or to present the dispute in writing.  In the event that the Court is available to resolve the dispute, facilities shall be provided so that counsel attending the deposition and the deposition reporter can hear the proceedings.  The deposition reporter shall make a transcript of the conference call proceedings, which shall be transcribed immediately and bound separately.  In the event the Court is unavailable by telephone to resolve disputes arising during the course of the deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute.  Nothing in this Order shall deny counsel the right to (1) suspend a deposition pursuant to Fed. R. Civ. P. 30(d)(3); or (2) file an appropriate motion with the Court after the deposition, and appear personally before the Court.

   **I.** **Video Depositions**.  By so indicating in its notice of a deposition, a Party, at its expense, may record a deposition by videotape or digitally-recorded video pursuant to Fed. R. Civ. P. 30(b)(3) subject to the following rules:

   **1.** **Video Operator.**  The operator(s) of the video recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c).  At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

   **2.** **Attendance.**  Each witness, attorney and other person attending the deposition shall be identified on the record at the commencement of the deposition.

   **3.** **Filing.**  The operator shall preserve custody of the original video medium (tape or DVD) in its original condition until further order of the Court.

   **4.** **Interruptions.**  No attorney or Party shall direct instructions to the video operator as to the method of operating the equipment.  The video camera operation will be suspended during the deposition only upon stipulation by counsel and "off-the-record" discussions.

   **5**. **Filming**.  The videographer shall film the witness only while the witness is seated in the witness chair and shall not film the witness at any other time, including when entering or leaving the deposition room.  The videographer shall not film any persons in the room, except for the witness.

   **J.** **Correction and Signing of Depositions.**  Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature within thirty (30) days after the end of the deposition.  The deposition may be signed by the deponent before any notary within thirty (30) days after the transcript is submitted to the deponent.  If no corrections are made during this time, the transcript will be presumed accurate.

    **K**. **Cost of Deposition**.  The noticing Party shall bear the initial expense of both videotaping and stenographic recording.  The Parties shall pay for their own copies of transcripts and videotapes/DVDs of depositions.

    **L.** **Production of Curriculum Vitae and Prior Testimony.**  For each witness, (i) a current and updated curriculum vitae and (ii) a list of any and all prior testimony regarding TRT drugs that either (a) the witness recalls or (b) was given while the witness was employed by the Defendant offering the witness for deposition shall be produced fourteen (14) days before the actual date of the deposition, absent agreement of the Parties.  Upon a request from Plaintiffs, Defendants will provide any prior testimony from that witness regarding TRT drugs that is within the possession, custody, or control of the witness, or the Defendants subject to any applicable protective orders governing those transcripts.

  **IV.** **CONTACT WITH FORMER EMPLOYEES**

 No Party shall contact a second Party's former employee for any purpose without first giving notice to the second Party through its counsel of record and giving the second Party ten (10) days to advise whether that former employee is represented by counsel.

 SO ORDERED the 26th day of April, 2017.

                 _____
                  Hon. Matthew F. Kennelly
                  Judge of the United States District Court