# Exhibit B

# KANNER & WHITELEY, L.L.C.
**701 Camp Street**
**New Orleans, Louisiana 70130**
**(504) 524-5777**
**FAX: (504) 524-5763**

June 16, 2017

*Via E-Mail*

Andrew K. Solow, Esq.
Arnold & Porter Kaye Scholer, LLP
250 West 55th Street
New York, NY 10019
andrew.solow@apks.com

      Re:    *Medical Mutual of Ohio v. AbbVie Inc., et al.*, No. 14-cv-8857;
                MDL No. 2545 (Auxilium Hess Deposition)

Dear Andy:

      I write in continuance of our discussion on May 1, 2017, regarding the deposition of Jonathan Hess, which has been re-scheduled to take place on July 20-21, 2017 in Philadelphia, PA. During our call, I indicated to you that as a result of our review of Mr. Hess' custodial file, we plan to cross-notice his deposition in the MMO matter. You indicated that the PSC has seven hours for the deposition and that MMO can share this time with the PSC either by having PSC counsel ask the questions posed by MMO or having MMO's counsel participate in the deposition as the second MDL questioner and complete all of these questions during the seven hours allotted to the MDL counsel.

      After discussions with the members of the PSC currently preparing for Mr. Hess' deposition in the products case, we have been made to understand that those attorneys still intend to use the full seven hours of deposition time to which they are entitled in deposing Mr. Hess and they will not have sufficient time to cover the areas of inquiry specifically relevant to the MMO action.[1] Given that Mr. Hess' deposition will continue through July 21, 2017, we again suggest that it is better for all concerned to depose Mr. Hess on the afternoon of July 21, 2017 and are willing to limit the deposition to four (4) hours in order to complete the deposition within this two day period.

      When we last discussed this deposition, before it was postponed, you indicated that you were unwilling to ask Mr. Hess to extend his time in Philadelphia to allow for the MMO

---

[1] In the event the initial deposition is completed earlier, we will be prepared to start and complete his deposition directly thereafter.

deposition on short notice. Now that we have more than a month to make the appropriate accommodations, we ask that you reconsider our request.

You also indicated that MMO would be required to present good cause as to why an additional deposition of Mr. Hess would be necessary for the third party payor action, and if you remained unconvinced by our reasons, we were to request relief from the Court, pointing to the Court's CMO 2. (D.E. 218). While we acknowledge the process set by the Court for depositions of a party deponent who has already testified in the products cases, requiring MMO to communicate to the defendant the relevant areas at issue which were not covered, we do not understand this to include a hybrid situation such as this when his deposition has not yet been taken. In any event, MMO has met this requirement through its communications to you during our May 1st meet and confer.

The shortened deposition requested, in lieu of a full day at a different time, constitutes a reasonable and equitable compromise to address this situation. To the extent it creates an additional burden on the witness, it is less than the burden of a second deposition and it is proportional to the needs of the case. If Auxilium maintains its objection to this proposal, MMO intends to notice Mr. Hess' deposition at a future date and location with leave of Court.

If this proposal is unacceptable to you, we request a meet and confer to discuss the matter promptly. Alternatively, if you agree that our meet and confer obligations were met during our May 1st conference, we can add this issue to the CMC report and request a ruling from the Court. In either event, please advise us of your position. We are available for a call on June 21, 22 and 23 if you would like to discuss this matter further.

Sincerely,

KANNER & WHITELEY, L.L.C.

By: /s/ Conlee S. Whiteley
     Conlee S. Whiteley, Esq.

*Via E-Mail*
cc:    W. Scott Simmer, Esq.
       Thomas Poulin, Esq.
       Marshall Perkins, Esq.
       Layne C. Hilton, Esq.
       Ruben Honik, Esq.
       David J. Stanoch, Esq.
       Ronald E. Johnson, Esq.
       Trent B. Miracle, Esq.
       Christopher A. Seeger, Esq.
       Aaron Ahlquist, Esq.
       Seth Katz, Esq.

David E. Stanley, Esq.
Janet H. Kwuon, Esq.
William F. Cavanaugh, Jr., Esq.
Jonah M. Knobler, Esq.
Ingo Sprie, Esq.
James W. Matthews, Esq.
David B. Goroff, Esq.
Jason L. Drori, Esq
Redi Kasollja, Esq.
Robert Grass, Esq.
Jesse Townsend, Esq.
Elizabeth Quirk, Esq.