Case: 1:14-cv-08857 Document #: 225-3 Filed: 06/26/17 Page 1 of 4 PageID #:9392

# Exhibit C

**ARNOLD & PORTER KAYE SCHOLER**

Andrew K. Solow
+1 212.836.7740 Direct
Andrew.Solow@apks.com

June 21, 2017

Privileged & Confidential
Attorney Work Product
Attorney Client Communication

<u>**VIA E-MAIL AND FEDERAL EXPRESS**</u>

Conlee S. Whiteley, Esq.
Kanner & Whiteley, L.L.C.
701 Camp Street
New Orleans, LA 70130

Re: *Medical Mutual of Ohio v. AbbVie, Inc.,* Case No. 1:14-cv-08857

Dear Ms. Whiteley:

      I write on behalf of my clients, Auxilium Pharmaceuticals, LLC (f/k/a Auxilium Pharmaceuticals, Inc.) ("Auxilium") and Endo Pharmaceuticals Inc. ("Endo") in response to (1) your June 16, 2017 letter regarding your request for additional time for questioning during the deposition of Jonathan Hess, a former Auxilium employee, which is scheduled for July 20-21, 2017; and (2) the June 16, 2017 letter of your co-counsel, Layne Hilton, requesting a date to depose Janett Mendez-DeTore, whose deposition has already been scheduled in this MDL for July 6-7, 2017.

      As I indicated during our telephone conversation back on May 1, 2017 on the subject of your request for additional time to depose Auxilium and Endo witnesses in the MMO litigation, it remains my position that there is no basis to subject these witnesses to separate or extended depositions for the personal injury cases and the third party payor cases, which have been coordinated for pretrial proceedings in the MDL based on the fact that they involve the same core factual issues, and are being litigated by the same counsel (as the MDL PSC Co-Leads are your co-counsel in the MMO case). As such, our position remains that, if counsel for MMO believes it has issues to address during Ms. Mendez-DeTore's and Mr. Hess' seven-hour MDL depositions, it should resolve with its MDL co-counsel how best to allocate time during those depositions to your team's satisfaction.

      Additionally, as I explained during our May 1, 2017 telephone conversation, for both Endo and Auxilium witness depositions, we have already agreed to provide an additional three (3) hours of deposition questioning time to state court counsel in order to foster state-federal coordination. It should be noted that, to date, those additional 3 hours of state court questioning have almost exclusively been conducted by counsel with cases in the MDL, including members of the MDL PSC.

# ARNOLD & PORTER
# KAYE SCHOLER

Conlee S. Whiteley, Esq.
June 21, 2017
Page 2

      Specifically with respect to both Mr. Hess and Ms. Mendez-DeTore, I remind you again that these are both former employees, and have already committed to sitting for ten hours of deposition testimony spread over two days. It is our understanding that neither of these individuals had significant involvement with the managed care marketing for testosterone products, and as such, 7 hours of time (let alone the additional 3 hours) is more than sufficient to cover the questioning on their roles and responsibilities with respect to testosterone products.

      As I explained during our May 1, 2017 teleconference, your suggestion (repeated again in your May 3, 2017 letter and your June 16, 2017 letter) that we require the witness to sit for an additional 4 hours of testimony is not warranted, and is an undue burden on any witness, let alone a former employee. Moreover, your "solution" ignores the fact that under the MDL Deposition Protocol (CMO 21), we are entitled to conduct our own examination of the witness and MDL PSC counsel is then entitled to a minute for minute match of time. As such, your "solution" would require these former employees reserving a third day to sit for depositions, which would be unduly burdensome.

      Finally, I further note that, as I mentioned to you during our May 1, 2017 conversation, paragraph III.B of Case Management Order No. 2 ("CMO No. 2") provides an avenue for MMO to address issues, if any, that it believes are insufficiently covered in depositions conducted in the Products litigation. *See* D.E. 218 at 3. If you are unable to reach an accommodation with your MDL co-counsel, paragraph III.B of CMO No. 2 provides the means to address issues, if any, that you believe are insufficiently covered in the upcoming depositions of Ms. Mendez-DeTore and Mr. Hess *Id.*

      Please let me know if you have any questions or concerns.

      Sincerely,

      */s/ Andrew K. Solow*
      Andrew K. Solow

Enclosures
cc (without enclosures):      Layne Hilton, Esq.
      W. Scott Simmer, Esq.
      Christopher A. Seeger, Esq.

**ARNOLD & PORTER
KAYE SCHOLER**

Conlee S. Whiteley, Esq.
June 21, 2017
Page 3

                        Trent B. Miracle, Esq.
                        Ronald E. Johnson, Jr., Esq.
                        Ingo W. Sprie, Esq.
                        Robert Grass, Esq.
                        William F. Cavanaugh, Esq.
                        Jonah M. Knobler, Esq.
                        David E. Stanley, Esq.
                        Janet H. Kwuon, Esq.
                        James W. Matthews, Esq.
                        David B. Goroff, Esq.