NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Argued November 6, 2019
Decided November 12, 2019

CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

Before

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

| | |
|---|---|
| No. 19-1500 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| MEDICAL MUTUAL OF OHIO, *Plaintiff-Appellant*, | |
| *v.* | |
| ABBVIE INC., *et al.*, *Defendants-Appellees*. | No. 14 C 8857 Matthew F. Kennelly, *Judge*. |

## Order

Medical Mutual of Ohio contends in this suit under the civil-liability section of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §1964, that several pharmaceutical companies promoted testosterone creams for uses other than those approved by the Food and Drug Administration. Physicians are free to prescribe drugs for off-label uses, but manufacturers are forbidden to promote those uses. 21 U.S.C. §§ 321(p), 355(a), 396. Manufacturers also are forbidden to make false and misleading statements about their products. Medical Mutual asserts that the defendants made false or misleading statements to promote off-label uses, causing it to pay more for these drugs than it would have done had the defendants lived up to their legal obligations.

The district court granted the defendants' motion for summary judgment. 2019 U.S. Dist. LEXIS 24063 (N.D. Ill. Feb. 14, 2019).

Although the district court administered Medical Mutual's suit as part of multidistrict litigation under the caption *In re Testosterone Replacement Therapy Products Liability Litigation*, MDL 2545, it was not consolidated with any of the other suits. Thus the final disposition of Medical Mutual's claims is immediately appealable. See *Gelboim v. Bank of America Corp.*, 135 S. Ct. 897 (2015); *Hall v. Hall*, 138 S. Ct. 1118 (2018).

The district court addressed at length the possibility that Medical Mutual was adversely affected by improper statements made directly to it or its pharmacy benefits manager. It ruled that no reasonable jury could conclude that Medical Mutual or the pharmacy benefits manager relied on any of these statements. 2019 U.S. Dist. LEXIS 24063 at *416–52. We agree with the district court's assessment, which need not be repeated here.

The possibility that Medical Mutual was derivatively affected by statements made to physicians or patients does not support liability under RICO, given the analysis of causation in *Sidney Hillman Health Center v. Abbott Laboratories*, 873 F.3d 574 (7th Cir. 2017).

AFFIRMED